KORNEGAY v. ROBINSON

[360 N.C. 640 (2006)]

JO ANN OUTLAW KORNEGAY v. BONNIE R. ROBINSON, Administratrix of the Estate of BYARD G. KORNEGAY, JIMMY B. KORNEGAY, BYARD G. KORNEGAY, JR., GERALD CLAY KORNEGAY, RICKY THOMAS KORNEGAY, LINDA KAY K. LANE, and MARY HAZEL K. MANUEL

No. 153A06

(Filed 17 November 2006)

**Husband and Wife— prenuptial agreement—voluntariness— summary judgment**

The decision of the Court of Appeals that the existence of a genuine issue of material fact as to the voluntariness of plaintiff widow's execution of a prenuptial agreement precluded summary judgment for her deceased husband's estate is reversed for the reason stated in the dissenting opinion in the Court of Appeals that plaintiff failed to show the existence of a genuine issue of material fact where the agreement stated and plaintiff testified by deposition that she "voluntarily" signed the agreement, that it was "fair and equitable," and that it was not the result of "duress or undue influence."

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 176 N.C. App. ——, 625 S.E.2d 805 (2006), reversing an order entered 25 October 2004 by Judge Thomas D. Haigwood in Superior Court, Duplin County, granting summary judgment in favor of all defendants. Heard in the Supreme Court 16 October 2006.

*Warren, Kerr, Walston, Taylor & Smith, LLP, by John Turner Walston and Henry C. Smith, for plaintiff-appellee.*

*Turner Law Offices, by W. Carroll Turner, for defendant-appellant Jimmy B. Kornegay.*

*Harris, Creech, Ward and Blackerby, P.A., by Thomas M. Ward, Charles E. Simpson, Jr., and Jay C. Salsman, for defendant-appellants Byard G. Kornegay, Jr., Gerald Clay Kornegay, and Linda Kay K. Lane; and Burrows & Hall, by Richard L. Burrows, for defendant-appellants Ricky T. Kornegay and Mary Hazel K. Manuel.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.